IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

DERRICK R. FRAZIER                                                                                    PLAINTIFF

V.                                      Case No. 3:23-CV-00211-BBM

JASMINE SANCHEZ,
Compliance Officer, Greene County Detention Center                                DEFENDANT

## ORDER

On November 8, 2024, Defendant filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts, arguing that Plaintiff failed to exhaust his available administrative remedies. (Docs. 16–18). Plaintiff has a right to file a response.

At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* FED. R. CIV. P. 56(e). This means that Plaintiff's response should include his legal arguments, as well as affidavits,[1] prison records, medical records, or other evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial.

Furthermore, pursuant to LOCAL RULE 56.1, Plaintiff must file separately a "short and concise statement of material facts as to which he contends a genuine dispute exists to be tried." Plaintiff's "Statement of Disputed Facts" must state whether he "agrees" or "disagrees" with the factual statements in each of the numbered paragraphs in the Defendant's Statement of Facts. If Plaintiff disagrees with any of the facts in the

---

[1] The affidavit must be based upon the personal knowledge of the person executing the affidavit and must be either: (1) sworn and subscribed to by a notary public; or (2) executed under penalty of perjury, as provided for by 28 U.S.C. § 1746.

Defendant's Statement of Facts, he must: (1) identify each numbered paragraph that contains the facts he disputes; (2) for each paragraph, explain why he disputes those facts; and (3) include a citation to the evidence he is relying on to support his version of the disputed fact. If Plaintiff relies on documents that have been previously filed in the record, he must specifically refer to those documents by docket number and page. The Court will not sift through the record to find support for Plaintiff's factual contentions. *See Crossley v. Georgia-Pacific Corp.*, 355 F.3d 1112, 1113–14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

1. Plaintiff has until and including **December 9, 2024**, to file a Response to the Defendant's Motion for Summary Judgment and a separate Statement of Disputed Facts that comply with FED. R. CIV. P. 56, LOCAL RULE 56.1, and the instructions in this Order.

2. Plaintiff is advised that the failure to timely and properly file a Response and Statement of Disputed Facts will result in all of the facts in the Defendant's Statement of Facts being deemed undisputed by Plaintiff. LOCAL RULE 56.1(c).

SO ORDERED this 12th day of November, 2024.

_____
UNITED STATES MAGISTRATE JUDGE